UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KIMBERLY THIRKIELD,<br>Plaintiff, | )<br>)<br>)<br>)<br>) |  |
| v. | )<br>) | CIVIL ACTION<br>NO. 12-40110-TSH |
| DR. TODD HUNTER, et al.<br>Defendants. | )<br>)<br>)<br>) |  |

### ORDER

**December 12, 2013**

Hennessy, M.J.

By Order of Reference dated November 5, 2013, pursuant to 28 U.S.C. § 636(b)(1)(A) (Docket #31), this matter was referred to me for a ruling on Defendants' Motion to Quash Subpoena to Glenn A. Meltzer and/or Jeremy Meltzer (Docket #27) and on Defendants' Motion to Quash Subpoena to William C. Barker (Docket #28). Plaintiff Kimberly Thirkield filed oppositions to these motions (Dockets #36 and 35, respectively) to which Defendants replied (Dockets #38 and 39, respectively). These matters are now ripe for adjudication. For the reasons that follow, the Motion to Quash Subpoena to Glenn A. Meltzer and/or Jeremy Meltzer (Docket #27) is ALLOWED and the Motion to Quash Subpoena to William C. Barker (Docket #28) is ALLOWED.

I. BACKGROUND

Thirkield began her employment as a medical assistant with Defendant Neary Hunter OB/GYN on January 2, 2010. (Docket #1 at ¶ 7). Ms. Thirkield alleges that, beginning in June 2011, Defendant Faye Hunter, Neary Hunter's front desk receptionist, harassed her and subjected

her to a hostile work environment. (Id. at ¶ 9). Ms. Thirkield asserts that, on numerous occasions, Ms. Hunter grabbed her breasts and buttocks and made comments such as "you know you want it." (Id. at ¶ 11). Ms. Thirkield claims that Ms. Hunter would also commit similarly sexually offensive acts to other female co-workers in front of her and that, when Ms. Thirkield asked Ms. Hunter to stop, Ms. Hunter would tell Ms. Thirkield to "lighten up." (Id. at ¶ 12). Ms. Thirkield states that on February 28, 2012, she reported the incidents of sexual harassment to Neary Hunter's office manager, Kathy Cregg, that Ms. Cregg had received another complaint regarding Ms. Hunter's sexually offensive conduct earlier that day, and that, at Ms. Cregg's direction, Ms. Thirkield spoke about the matter with Defendant Paul Reith, Neary Hunter's business manager. (Id. at ¶¶ 13-15). Ms. Thirkield asserts that, immediately after reporting the incidents of sexual harassment, she was retaliated against by her managers and co-workers, and was constructively discharged on April 3, 2012. (Id. at ¶¶ 16-17).

On August 31, 2012, Ms. Thirkield filed her Complaint alleging claims of sexual harassment and retaliation. (Docket #1). Defendants have not asserted any counterclaims against Ms. Thirkield.

On January 23, 2013, the Court entered a scheduling order requiring that all depositions, other than expert depositions, be completed by October 23, 2013. (Docket #18 at 1). The subpoenas noticing Mr. Barker's, Mr. Glenn Meltzer's, and Mr. Jeremy Meltzer's depositions were provided to a process server on October 22, 2013, and noticed their depositions for November 6, 2013. (Docket #27-1 at 3-11).

Ms. Thirkield states that she noticed Ms. Hunter's deposition on June 28, 2013 for July 16, 2013. (Docket #36 at 1). According to Ms. Thirkield, the parties decided to attempt to mediate the case and, therefore, stayed discovery. (Id.). Ms. Thirkield reports that mediation

was held on September 16, 2013, but was unsuccessful. (Id. at 1-2). Ms. Hunter's deposition was taken on October 18, 2013. (Id. at 2). Ms. Thirkield asserts that it was only through Ms. Hunter's deposition that she learned of Ms. Hunter's subsequent employment and termination of employment from Meltzer Eye Care Center. (Id.). Ms. Thirkield also asserts that she only learned of Ms. Hunter's counseling with Mr. Barker at the deposition. (Docket #35 at 1-2). Two business days after Ms. Hunter's deposition, Ms. Thirkield sent the subject subpoenas to a process server for service by regular mail. (Docket #36 at 2).

II. STANDARD

Federal Rule of Civil Procedure 26(b) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(b) also allows a court "[f]or good cause," to "order discovery of any matter relevant to the subject matter involved in the action." "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

Pursuant to Federal Rule of Civil Procedure 45, the Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies;" or that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).

III. ANALYSIS

A. Procedural Error

Defendants assert that the subpoenas at issue should be quashed for failing to comply with the procedural requirements of Federal Rule of Civil Procedure 45. Rule 45 provides that "[i]f the subpoena commands the production of documents . . . then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each

party." Fed. R. Civ. P. 45(a)(4). Defendants state that Ms. Thirkield provided the subpoenas to a process server on October 22, 2013, but failed to provide copies of the subpoenas to Defendants until October 23, 2013 by email. (Docket #27 at 3; Docket #28 at 3; see Docket #27-1 at 2). However, Ms. Thirkield states that that she served a notice and copies of the subpoenas by regular mail on October 22, 2013 and only sent an email to Defendants as a courtesy. (Docket #35 at 2; Docket #36 at 2). Defendants do not dispute this statement in their reply. (Dockets #38; 39). Therefore, this Court finds that there was no procedural error that would support a motion to quash.

B.   Timeliness

Pursuant to the scheduling order, all depositions, other than expert depositions, were to be completed by October 23, 2013. (Docket #18 at 1). The depositions at issue here were scheduled for November 6, 2013, after the deadline established by the scheduling order. (See Docket #27-1 at 4-11). Ms. Thirkield did not move to extend this discovery deadline before the filing of the instant motions. In her response to these motions, Ms. Thirkield does ask this Court, to the extent it deems discovery closed, to extend the deadline for the limited purpose of allowing the depositions at issue. (Docket #35 at 3; Docket #36 at 3-4).

As discussed below, even were the relevant deadline extended, the Defendants' Motions to Quash would be allowed. Thus, the Court sees no need to extend the deadline and, therefore, the subpoenas at issue were untimely and the Motions to Quash shall be allowed.

C.   Subpoena to Mr. Glenn Meltzer and/or Mr. Jeremy Meltzer

At her deposition on October 18, 2013, Ms. Hunter testified that she was employed by Meltzer Eye Care Center for approximately three weeks during September 2013, more than 17 months after Ms. Thirkield's employment with Hunter Neary terminated. (Docket #27 at 4).

Ms. Hunter testified that Meltzer chose to discontinue her employment because the company had hired two employees for the same level position and ultimately decided that it did not wish to train both. (Id. at 5). Ms. Thirkield states that when Ms. Hunter was asked why her employment was terminated she was very hesitant, somewhat evasive, and reticent about providing information as to the reasons for termination. (Docket #36 at 2). No party has submitted any excerpts of the transcript of Ms. Hunter's deposition. Ms. Thirkield now seeks to take the deposition of the Meltzers and to gain access to all documents referring or relating to the employment of Ms. Hunter. (Docket #27-1 at 4).

The Defendants assert that Ms. Hunter's employment at Meltzer Eye Care Center has no relevance to the current action. (Docket #27 at 5). The Defendants argue that forcing them to incur the expense of a deposition of the Meltzers, where there is no evidence of relevance, would be an undue burden. (Id.). Ms. Thirkield asserts that evidence as to whether Ms. Hunter's employment at Meltzer Eye Care Center was terminated because she engaged in inappropriate conduct is relevant to show whether Ms. Hunter has a pattern or practice of engaging in such conduct. (Docket #36 at 2-3).

In support of her position, Ms. Thirkield cites to Spulak v. K Mart Corp., 894 F.2d 1150 (10th Cir. 1990), for the proposition that "the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent." (Docket #36 at 3 (quoting Spulak, 894 F.2d at 1156)). This citation is unavailing as neither of the Meltzers has ever been an employee of Neary Hunter, and their testimony would shed no light on any alleged discriminatory intent held by Neary Hunter. If the evidence Ms. Thirkield seeks from the Meltzers does exist, it would clearly be inadmissible character evidence pursuant to Federal Rule of Evidence 404(b), which provides, "[e]vidence of a crime, wrong, or other act is not admissible

to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

Because any evidence as to any inappropriate conduct Ms. Hunter engaged in at Meltzer Eye Care Center would be inadmissible pursuant to Federal Rule of Evidence 404(b), the Court finds that the subpoena to the Meltzers constitutes an undue burden on the Defendants, and, therefore, the Motion to Quash Subpoena to the Meltzers shall be allowed.

D.   Subpoena to Mr. Barker

Ms. Hunter testified at her deposition that, at some point after Ms. Thirkield filed this case, she began to see Mr. William C. Barker LICSW, MSW for counseling, and that she discussed this lawsuit with Mr. Barker.[1] Ms. Thirkield asserts that Ms. Hunter stated that she went to counseling with Mr. Barker solely related to the allegations at issue in this litigation. (Docket #35 at 2). No party has submitted any excerpts of the transcript of Ms. Hunter's deposition. Ms. Thirkield now seeks to take the deposition of Mr. Barker and to gain access to all his documents referring or relating to the treatment and counseling of Ms. Hunter. (Docket #28-1 at 8).

> Massachusetts recognizes a social worker privilege, which provides, in pertinent part:
>
> [I]n any court proceeding and in any proceedings preliminary thereto and in legislative and administrative proceedings, a client shall have the privilege of refusing to disclose and of preventing a witness from disclosing, any communication, wherever made, between said client and a social worker licensed pursuant to the provisions of [Mass. Gen. Laws c. 112, § 132], or a social worker employed in a state, county or municipal governmental agency, relative to the diagnosis or treatment of the client's mental or emotional condition.

Mass. Gen. Laws ch. 112, § 135B. There are several exceptions to the privilege. Id. at § 135B(a)-(h). The only exception relevant here is where "the client introduces his mental or

---

[1] LICSW is an acronym for "licensed independent clinical social worker," which is an individual who is licensed by the board of registration of social workers to practice independent clinical social work. Mass. Gen. Laws ch. 112, § 130.

emotional condition as an element of his claim or his defense[.]" Id. at § 135B(c). Neither Ms. Hunter nor any other Defendant has filed a counterclaim, nor have the Defendants placed Ms. Hunter's mental well-being at issue as a defense. (Docket #9). Thus, this exception is not applicable.

Ms. Thirkield asserts that Ms. Hunter waived any privilege relating to her counseling records when she disclosed the subject matter and purpose of her counseling. (Docket #35 at 2). Ms. Thirkield does not cite any case law in support of this proposition, nor is the Court aware of any. Cf. Commonwealth v. Goldman, 395 Mass. 495, 499-500 (1985) (holding that where a witness testifies as to the specific content of a privileged communication the privilege may be waived, but where a witness testifies as to events which may have been a topic of a privileged communication there is no waiver). The Court finds that the social worker privilege applies to Ms. Hunter's communications with Mr. Barker and to his records, and, therefore, the Motion to Quash Subpoena to Mr. Barker shall be allowed.

IV.   CONCLUSION

For the foregoing reasons, the Motion to Quash Subpoena to Glenn A. Meltzer and/or Jeremy Meltzer (Docket #27) is ALLOWED and the Motion to Quash Subpoena to William C. Barker (Docket #28) is ALLOWED.

    /S/ David H. Hennessy
    David H. Hennessy
    UNITED STATES MAGISTRATE JUDGE